Thomas P. Parley, J.
In this taxpayers’ action, defendants seek a dismissal of the complaint on the ground that no bond or surety was served with the summons and complaint as provided by section 51 of the General Municipal Law. The plaintiffs cross-move for permission to file a bond nunc pro tune and. also for a temporary injunction enjoining the expenditure of funds by defendants.
Summarizing the allegations of the complaint and what can be gathered from the affidavits, it appears that in March, 1959, the defendant Town Board adopted a resolution authorizing the acquisition of certain property, the erection thereon of an incinerator and the issuance of $1,092,000 of serial bonds and $58,000 of capital notes of the town to pay the cost thereof. Thereafter at a referendum held on April 25, 1959, this resolution was approved by the voters. It further appears that none of the authorized serial bonds nor capital notes have been issued or are presently outstanding.
Subsequent to the referendum plaintiffs herein, and others, instituted an action to declare the resolution and referendum unconstitutional, null and void and contrary to law. A motion made pursuant to rule 113 of the Rules of Civil Practice in that action resulted in a dismissal of the complaint. On appeal, the Appellate Division affirmed the judgment of dismissal. An application for leave to appeal to the Court of Appeals was denied by the Appellate Division and an order to that effect entered with the Clerk of Suffolk County. Whether further proceedings were taken with respect to this order is not disclosed.
The complaint here alleges that the previous action is still pending and that during such pendency and before the bonds and capital notes are issued, the Town Board is unauthorized to expend any moneys in connection with the preparation of the incinerator site for construction. It is also alleged that expenditures have been made for engineering services out of the town’s *802 surplus account; that contractors have been engaged and have begun excavation, grading and well work for the incinerator; that defendants are threatening and continuing to expend funds for these purposes and that such expenditures are unauthorized in that they are required to be made only out of funds appropriated and authorized by the resolution and referendum.
By reason of the above, plaintiffs seek a judgment (1) to have declared invalid the payments already made, with a direction for the return thereof; (2) directing that any payments in connection with improvement of the incinerator site and construction thereof be limited to the funds authorized by the referendum and resolution and (3) enjoining the Town Board from paying out any moneys for the purpose of the incinerator except out of the bonds and capital notes authorized by the referendum and resolution.
In resisting defendants’ motion to dismiss the complaint for failure to furnish a bond, as prescribed by section 51 of the General Municipal Law, plaintiffs contend that such bond is unnecessary since this action is not under section 51 of the General Municipal Law, but is merely one for a declaratory judgment wherein a bond is not required. They argue that even though they may have a remedy under section 51, they are not limited to an action under that section, but may also seek a declaratory judgment, citing Bradford v. County of Suffolk (257 App. Div. 777, mod. on other grounds 283 N. Y. 503). This court agrees with the rule set forth in the case cited. However, that case was not truly a taxpayers’ action, the court holding that the plaintiffs therein were merely nominal and 1 ‘ in reality the action is between the town [of Huntington] and the county of Suffolk” (p. 779). The court there was only called upon to pass on the construction and constitutionality of statutes to aid local authorities.
The nature of the instant action must be determined from the complaint and prayer for relief. On analysis we find that plaintiffs not only seek a declaration as to the validity of payments made, but also ask for other relief specified in section 51 of the General Municipal Law which was not sought in the Bradford case (supra) i.e., return of funds, limitations of payments and injunctive relief. This, therefore, is basically an action under section 51 of the General Municipal Law wherein the filing of a bond is required. Support for tins ruling is found in Shew v. Topping (142 N. Y. S. 2d 490) where the plaintiff sought to have ‘ ‘ declared ’ ’ null and void a contract and also asked for injunctive relief. The court treated that action as one under section 51.
*803 Significantly, the decision in Shaw v. Topping (supra) is also determinative of the issue with respect to the requirements of plaintiffs furnishing a bond. There, as here, a bond was not furnished on the commencement of the action. The court held that such bond could, however, be filed nunc pro turn- To the same effect, see Eith v. City of New York (165 Misc. 18) and Hoey v. Dalton (126 Misc. 194).
From the papers before this court, plaintiffs have not shown a right to a temporary injunction. Their claim to this relief on the ground that the expenditure of general or surplus town moneys for the purpose or object of the referendum and resolution, which is in litigation, is illegal and contrary to the intent of the Local Finance Law, is not supported by statutory authority. On the contrary, section 165.10 of the Local Finance Law provides in part as follows:
“If there are funds of a municipality, school district or district corporation, other than:
«X1
«X1
“ 2. Funds which, by law, may be used only for stated purposes, which are not immediately required for the purpose or purposes for which the same were borrowed, raised or otherwise created, the finance board may authorize the temporary use of such funds for the purpose or purposes for which an issue of bonds or capital notes has been authorized. Suitable records shall be kept of the temporary diversion of such funds. Notwithstanding the provisions of section 165.00 of this chapter, such funds shall be made again available to the municipality, school district or district corporation from the proceeds of such bonds or capital notes or from the proceeds of the sale of bond anticipation notes issued in anticipation of the sale of such bonds.”
Thus a Town Board may authorize temporary payments from other funds or, stated another way, ‘ ‘ Funds may be temporarily 1 loaned ’ to another purpose for which an issue of bonds or capital notes has been authorized.” (11 Op. St. Comp., 1955, p. 359.) Here, contrary to plaintiffs’ position, the resolution as well as the referendum authorized the issuance of the bonds and capital notes.
Plaintiffs further contend that the payment made and those which may be made will impair their rights and place the town funds in jeopardy. Other than an allegation of a $16,500 payment from surplus funds for preliminary engineering services, no other factual presentation is made. In the light of the authorization of section 165.10 of the Local Finance Law, the
*804 payment from surplus standing alone does not support plaintiffs’ position. Their allegations, therefore, are merely conelusory and insufficient to authorize the granting of a temporary injunction (Vandervort v. City of Troy, 130 Misc. 151, 154, affd. 222 App. Div. 707).
In addition to the above, plaintiffs also argue that until the prior litigation attacking the legality and constitutionality of the referendum and resolution is determined, any payments to be made on account of the incinerator are unauthorized and should be enjoined. Insofar as that litigation is concerned, the papers in support of the instant motion are insufficient for this court to determine whether or not the prior action is finally determined or is still pending. At the present time the defendants have been successful and the Appellate Division has denied plaintiffs leave to appeal to the Court of Appeals. What has occurred after the entry of the order denying leave to appeal is not disclosed either in the affidavits or the complaint, nor was there any enlightenment on this subject by counsel at the time of the argument. As a consequence, this court is in no position to say that plaintiffs have a right to appeal to the Court of Appeals pursuant to section 588 et seq. of the Civil Practice Act, nor can it pass upon the timeliness of moving for leave to appeal under section 592 of the Civil Practice Act, if such a motion is necessary. Moreover, there is no showing that plaintiffs have made any attempt to have this matter brought before the Court of Appeals, if they have a right to do so.
In view of the above, the following disposition is made of the motions before the court.
Defendants’ motion to dismiss is granted unless within 10 days after service of the order to be entered hereon plaintiffs serve and file a bond in the sum of $250, as provided in section 51 of the G-eneral Municipal Law.
Plaintiffs ’ cross motion to file a bond nunc pro tunc is granted. Such bond is to be served and filed as specified above: otherwise, the motion is denied. Plaintiffs’ cross motion for a temporary-injunction is denied.