■ WALDBAUM, INC., et al. Appellants, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County, entered September 10, 1979, which granted defendants' motion to dismiss the complaint for failure to state causes of action, unanimously reversed, on the law, the defendants' motion is denied, the complaint is reinstated, and the matter remanded, without costs and disbursements. Plaintiffs assert three causes of action respectively seeking to declare a zoning resolution unconstitutional and to challenge the Board of Estimate actions in denying a special permit and land fill. Special Term dismissed the first cause of action on the ground that plaintiffs failed to exhaust administrative remedies by not applying for a variance from the zoning resolution. The second and third causes of action were dismissed as improperly asserting claims for declaratory relief, whereas they are maintainable in a CPLR article 78 proceeding. Plaintiffs' complaint alleges an economic hardship as the result of conditions general to the entire Mill Basin area which includes the subject parcel. As aptly noted in *Matter or Otto v Steinhilber* (282 NY 71, 75) "The object of a variance * * * in favor of property owners suffering unnecessary hardship in the operation of a zoning law, is to afford relief to an individual property owner laboring under restrictions *to which no valid general objection may be made.* Where the property owner is unable reasonably to use his land because of zoning restrictions, the fault may lie in the fact that the particular zoning resolution is *unreasonable in its application to a certain locality,* or the oppressive result may be caused by conditions peculiar to a particular piece of land. In the former situation, the *relief is by way of direct attack upon the terms of the ordinance*" (emphasis supplied; see, also, *Arverne Bay Constr. Co. v Thatcher,* 278 NY 222). Plaintiffs are not required first to seek a variance of the restrictive provisions of the zoning resolution when they attack the resolution in its entirety as applied to their property. Accordingly, the first cause of action properly states a cause of action. As to the dismissal of the second and third causes of

action, under CPLR 103 (subd [c]) the claims may be treated as if brought in the proper form rather than being dismissed (see *Board of Educ. v Allen,* 25 AD2d 659). Accordingly, the second and third causes of action should be treated as special proceedings under CPLR article 78. Concur—Fein, J. P., Sullivan, Markewich, Lupiano and Bloom, JJ.