OPINION OF THE COURT
John S. Lockman, J.
It is ordered that this motion by defendant Town of Oyster Bay (Town) for judgment dismissing each of the seven causes of action set forth in plaintiffs’ complaint is granted to the extent that Resolution 1113-89 is declared to be valid and enforceable.
In their complaint plaintiffs allege seven separate claims as independent bases for a declaration that Resolution 1113-89 (the Resolution) is illegal and therefore void. The Resolution designates the Old Bethpage Solid Waste Disposal Complex as the sole facility for the delivery of all solid waste generated within the confines of the Town of Oyster Bay, including recyclable materials.
The backdrop to the Town’s enactment of the Resolution is the Town’s duty to establish a long-range plan for the disposal *111 of all solid waste generated within the Town. In 1983 New York State mandated a phase out of landfilling in Nassau and Suffolk Counties because the continuation of landfilling operations threatened to permanently pollute the drinking water supply for Long Island (ECL 27-0704; see, Matter of Town of Islip v Cuomo, 64 NY2d 50). In 1986 the Town applied for, and obtained, a permit to construct and operate a solid waste transfer facility to collect, compact and prepare for off-site disposal of the Town’s solid waste stream at the Town’s Old Bethpage Solid Waste Complex (the Complex). A negative declaration, finding that the proposed action would not have a significant effect on the environment, was issued. As part of the Town’s integrated solid waste management strategy, in 1986 the Town determined that flow control measures should be adopted and that the transfer station at the Complex should be designated as the sole facility for delivery of all solid waste. Consequently the Resolution was passed.
Plaintiffs are private carting companies and taxpayers who complain, inter alla, that they have invested substantial sums of money in machinery and equipment for the purpose of processing recoverable resources. The effect of the Resolution is to eliminate private sector recycling in the Town. The Town claims that plaintiffs have commenced this action because the Resolution may result in a reduction of plaintiffs’ profit.
Ordinarily the defense of lack of personal jurisdiction due to improper service would be set down for an immediate traverse on the contested factual issue of plaintiffs’ alleged personal delivery of the summons and complaint to Deputy Town Clerk Herbert A. Streicher. However, inasmuch as this court finds that defendant is entitled to a declaration that the Resolution is valid, the issue of improper service is moot.
As a first cause of action plaintiffs allege that the Town failed to comply with the prerequisite environmental review procedures of the State Environmental Quality Review Act (ECL 8-0101 et seq. [SEQRA]). The Town asserts that the passage of the Resolution required no additional SEQRA review because the Resolution involves an exempt type II action as "routine or continuing agency administration and management, not including new programs or major reordering of priorities” (6 NYCRR 617.13 [d] [15]).
At the outset the court notes for the record that while a declaratory judgment action is the proper vehicle for a challenge to legislative action generally (Matter of Lakeland Wa *112 ter Dist. v Onondaga County Water Auth., 24 NY2d 400), plaintiffs’ SEQRA claim should have been brought as a CPLR article 78 proceeding. However, in the interests of judicial economy and because form should not be elevated over substance, summary dismissal of this claim is not necessary (CPLR 103 [c]). This claim shall be treated as if brought in the proper form (Waldbaum, Inc. v Board of Estimate, 74 AD2d 544).
In an article 78 proceeding, the court is not empowered to substitute its judgment for that of the defendant municipality. The issue under SEQRA is whether the Town "identified the relevant areas of environmental concern, took a 'hard look’ at such concerns and made a 'reasoned elaboration’ of the basis for [its] determination” (see, Matter of Anderberg v New York State Dept. of Envtl. Conservation, 141 Misc 2d 594, 597). However, when the issue is whether an exemption applies, the "standard of review” is less demanding. The court must here determine whether the Town’s finding that the Resolution addresses routine and continuing agency administration was "irrational or arbitrary or capricious” (Matter of Board of Visitors — Marcy Psychiatric Center v Coughlin, 60 NY2d 14, 20). The Town argues that the Resolution does nothing more than designate an existing and properly authorized facility at an already established waste disposal site as the exclusive transfer station. Furthermore, it is significant that the over-all project was comprehensively reviewed in conjunction with the permit approval for construction of the proposed solid waste transfer facility (see, Matter of Village of Hudson Falls v New York State Dept. of Envtl. Conservation, 158 AD2d 24, 29-30). Under all of the circumstances of this case, the court is persuaded that the passage of the Resolution was reasonably classified as a type II action. (See, Huggins v City of New York, 126 Misc 2d 908, 912-913.) For this reason the court need not address defendant’s additional arguments regarding the first cause of action, which must be rejected.
In their second and third causes of action plaintiffs allege that the Resolution is invalid because it is contrary to State laws and policies including the Solid Waste Management Act of 1988 and ECL 27-0106. Plaintiffs’ rationale is that the Resolution fails to mandate recycling generally. They insist that the definition of solid waste, as used in the Resolution, excludes recyclable material.
The flaw in plaintiffs’ argument is that the Resolution is depicted as an isolated action by the Town. It bears repeating *113 that the Resolution is just one element of the Town’s integrated waste-to-energy strategy. The Town’s comprehensive recycling plan lays to rest any charge that the Town has failed to contemplate or implement State objectives regarding recycling. The fact that plaintiffs will no longer play the same role in recycling as they have for the past few years does not warrant a different conclusion. Accordingly, the second and third causes of action must fail.
Plaintiffs’ fourth cause of action is framed as a taxpayer claim pursuant to General Municipal Law § 51. The failure to post a bond is not fatal inasmuch as this statutory requirement is curable nunc pro tune (Kohilakis v Harwood, 29 Misc 2d 800, 803). However, as a matter of law, any alleged waste resulting from implementation of the Resolution would not constitute a use of public funds for "entirely illegal purposes”, the standard by which such actions are measured (Mesivta of Forest Hills Inst. v City of New York, 58 NY2d 1014, 1016).
Plaintiffs’ fifth and sixth causes of action allege that implementation of the Resolution will result in an unconstitutional taking of their property without due process of law. They allege a proprietary interest in their recyclable garbage and their garbage collection routes. A succinct answer to these claims is found in Presidents’ Council of Trade Waste Assns. v City of New York (142 Misc 2d 135, 140-141, affd 159 AD2d 428) wherein it is stated: "The waste disposal industry is a regulated industry, subject to governmental regulations and licensing provisions. Government regulation may permissibly affect economic interests or expectations; where there is no actual acquisition, governmental action will be considered a 'taking’ only if the effects of the action 'are so complete as to deprive the owner of all or most of its interest in the property’ (Rochester Gas & Elec. Corp. v Public Serv. Commn., 71 NY2d 313, 324).” There, as here, the action in question cannot be said to have deprived the plaintiffs of their property to such extent as constitutes a taking. As in Presidents’ Council the fact that in past years plaintiffs conducted certain activities and made certain profits does not give plaintiffs any property right, vested or otherwise, in the continuation of those activities or profits. Plaintiffs’ interests are clearly in the nature of a "unilateral expectation” (Presidents’ Council of Trade Waste Assns. v City of New York, supra). Plaintiffs’ reliance upon Seawall Assocs. v City of New York (74 NY2d 92) is completely misplaced. There, the moratorium and antiwarehousing provisions of Local Laws, 1987, No. 9 of the City of New York *114 required private property owners to rent their rooms or be subject to severe penalties. In short, private property owners were compelled to surrender the most basic attributes of private property, namely the rights of possession and exclusion of others. Such a requirement clearly constituted an unconstitutional taking of property, and is a far cry from the Resolution at issue here, which merely requires plaintiffs to deliver all solid wastes to one place for off-site disposal.
Essential to a claim under 42 USC § 1983 is conduct which deprives a person of rights, privileges or immunities secured by the Federal Constitution (Parratt v Taylor, 451 US 527, 535). Inasmuch as plaintiffs’ Federal constitutional claims do not pass muster as set forth above, plaintiffs’ claim under 42 USC § 1983 and its request for attorneys’ fees pursuant to 42 USC § 1988 must necessarily fail. Based on the foregoing plaintiffs’ fifth and sixth causes of action lack merit in their entirety.
In their seventh cause of action plaintiffs allege that the Resolution violates General Business Law § 340 because it granted an exclusive franchise to the entity with whom the Town contracted to process the solid waste delivered to the Complex. However, it is well established that a municipality may, in the proper exercise of its police power, impose reasonable restrictions and regulations upon garbage collection, including the granting of an exclusive right to collect garbage (City of Rochester v Gutberlett, 211 NY 309, 318; see, Wiggins v Town of Somers, 4 NY2d 215, 221). An exclusive right so created is not open to the objection that it is a monopoly (City of Rochester v Gutberlett, supra). There is no question that on its face, the seventh cause of action must be rejected.
In a declaratory judgment action, it is appropriate to declare the rights of the parties rather than dismiss the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Accordingly, this court declares that the Resolution is valid and enforceable, and dismisses the claims brought pursuant to CPLR article 78. In reaching this conclusion the court has addressed only the major and essential issues raised by the parties. The remainder of the objections raised by the parties do not change this court’s conclusion, or warrant discussion.