■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v STATE OF NEW YORK et al., Respondents. [603 NYS2d 207] —Crew III, J. Appeals (1) from an order and judgment of the Supreme Court (Hughes, J.), entered June 5, 1992 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia,* denied petitioners' motion for a preliminary injunction, and (2) from a judgment of the Supreme Court (Dier, J.), entered October 13, 1992 in Washington County, which, *inter alia,* granted certain respondents' motions for summary judgment dismissing the second amended complaint/petition.

These appeals center around a challenge to the financing arrangements for a resource recovery facility located in the Village of Hudson Falls, Washington County. The facility is owned by respondent Warren and Washington Counties Industrial Development Agency (hereinafter the IDA) and operated by respondent Adirondack Resource Recovery Associates (hereinafter Adirondack). The project was financed through the issuance of bonds by the IDA; both the official statements and cover pages to the bond offering expressly provided that the bonds "shall not constitute a debt, liability or other obligation of the State of New York, Warren County or Washington County or any other political subdivision of the State * * * [and are] limited obligations of the Issuer payable solely from the Revenues derived from the Trust Estate."

In conjunction with the issuance of the bonds, a number of agreements were executed. The IDA and respondent Bank of

New York, as trustee for the bondholders, entered into a mortgage, security agreement and trust indenture reflecting the IDA's obligation to pay the principal and interest due on the bonds. Additionally, the IDA and Adirondack entered into an amended and restated service agreement which provided, *inter alia,* that the IDA would deliver all waste generated in Washington and Warren Counties to the facility and, in turn, that Adirondack would charge the IDA a monthly waste disposal service fee based upon a number of cost components, including operation expenses and debt service payments on the bonds. The IDA thereafter entered into a second amended and restated waste disposal contract with respondent Washington County, in which Washington County agreed to deliver to the facility all waste generated in Washington and Warren Counties and to pay the monthly waste disposal fee. Washington County then entered into an intermunicipal waste disposal agreement with respondent Warren County, in which Warren County agreed to deliver all waste generated within its borders to the facility on behalf of Washington County and to pay one half of the monthly waste disposal fee.

In order to cover the waste disposal fee, Washington and Warren Counties charged garbage haulers a tipping fee. When the facility opened, however, the moneys generated by these tipping fees were not sufficient to cover the waste disposal fee and, pursuant to their obligations under the agreements, Washington and Warren Counties began paying portions of the monthly waste disposal fee from other resources. To assist the Counties in this regard, respondent State Legislature appropriated $350,000 to the facility as part of the 1992-1993 Aid to Localities Act.

Petitioners thereafter commenced this combined CPLR article 78 proceeding and declaratory judgment action alleging, *inter alia,* that the subject appropriation was in violation of certain provisions of the NY Constitution in that it constituted State aid to a private undertaking and was an assumption by the State of the IDA's debt obligations. Ultimately Supreme Court, *inter alia,* denied petitioners' motion and dismissed the petition against the State and its related respondents. Thereafter, the IDA and Adirondack moved for summary judgment dismissing the second amended complaint/ petition and Washington and Warren Counties, their related respondents and the Bank cross-moved for similar relief. Petitioners then cross-moved for summary judgment as well. Supreme Court, *inter alia,* granted respondents' respective

motions and denied petitioners' cross motion. These appeals by petitioners followed.

Initially, we reject petitioners' assertion that the allocation of $350,000 to Washington and Warren Counties for the facility violates NY Constitution, article VII, § 8 (1), which prohibits the State from giving or loaning money to a private corporation or for a private undertaking, and NY Constitution, article X, § 5, which prohibits the State from assuming the debt obligations of a public corporation. Inasmuch as the appropriation was a gift of State aid to Washington and Warren Counties, petitioners have failed to demonstrate that the State and its related respondents violated the cited provisions of the NY Constitution (see, Comereski v City of Elmira, 308 NY 248; see also, Wein v City of New York, 36 NY2d 610).

Petitioners next contend that Washington and Warren Counties' use of taxpayer funds to pay the monthly waste disposal fee to the IDA violates NY Constitution, article VIII, § 1, which prohibits a county from giving or loaning money to aid a private undertaking, NY Constitution, article X, § 5, which prohibits use of a county's money to aid a public corporation, NY Constitution, article VIII, § 2, which prohibits a county from incurring debt without first pledging its full faith and credit, and General Municipal Law § 870, which prohibits a municipality from incurring the debts of a public authority. Even accepting petitioners' argument that they have standing* to maintain this suit and that the matter

---

* We note that contrary to petitioners' assertion, the Court of Appeals' recent decision in Matter of Schulz v State of New York (81 NY2d 336, affg 180 AD2d 42) does not vest petitioners with standing to maintain this lawsuit. In addressing whether the petitioners in Schulz had standing to challenge the financing schemes embodied in chapter 190 and chapter 220 of the Laws of 1990, the Court of Appeals noted that the limitations imposed upon taxpayer standing by State Finance Law § 123-b and the Court's prior decisions in Wein v Comptroller of State of N. Y. (46 NY2d 394) and New York State Coalition for Criminal Justice v Coughlin (64 NY2d 660) should not be read as a "total ban" on standing where, as in Schulz, the petitioners allege that the financing scheme at issue is subject to a voter referendum and that they, in turn, have standing to sue as voters (see, Matter of Schulz v State of New York, supra, at 347). No such assertion has been made with respect to the financing arrangements at issue in this case and, therefore, petitioners' reliance upon the Court's decision in Schulz is misplaced.

We do, however, agree that petitioners arguably have alleged sufficient facts regarding the Counties' allegedly improper use of taxpayer funds to establish standing under General Municipal Law § 51 (see generally, Matter of Korn v Gulotta, 72 NY2d 363, 371-372; Matter of Schulz v Warren County Bd. of Supervisors, 179 AD2d 118, 121, n 2, lv denied 80 NY2d 754). Although it is unclear whether petitioners furnished a bond as required by

before us is not barred by the doctrine of laches, we nevertheless are of the view that the financing arrangements at issue here do not violate the cited constitutional and statutory provisions. While it is true that Washington and Warren Counties are contractually obligated to pay the monthly waste disposal fee which, as noted previously, is based upon a number of cost components, including operating costs and debt service on the bonds, the record before us makes clear that the Counties' obligation in this regard is contingent upon the continued provision of waste disposal services and, further, that the Counties are not directly liable to the bondholders. We therefore conclude that petitioners have failed to demonstrate that the subject financing scheme is invalid *(cf., Comereski v City of Elmira,* 308 NY 248, *supra; see also, Wein v City of New York,* 36 NY2d 610, *supra; Matter of Congdon v Washington County,* 130 AD2d 27, *lv denied* 70 NY2d 610).

Petitioners' remaining arguments, including their assertion that respondents Thomas M. Lawson and James C. Tomasi violated certain provisions of the Code of Professional Responsibility and their claim that they were entitled to a preliminary injunction, have been examined and found to be lacking in merit.

Yesawich Jr., J. P., Mercure, White and Casey, JJ., concur. Ordered that the order and judgment entered June 5, 1992 is modified, on the law, without costs, by declaring that the challenged activities by respondent State of New York and its related respondents have not been shown to be invalid, and, as so modified, affirmed. Ordered that the judgment entered October 13, 1992 is modified, on the law, without costs, by declaring that the challenged activities by respondents Washington and Warren Counties and their related respondents have not been shown to be invalid, and, as so modified, affirmed.

that provision, any failure in that regard would not be fatal inasmuch as the statutory requirement may be cured nunc pro tunc *(see generally, Montes Waste Sys. v Town of Oyster Bay,* 150 Misc 2d 109, 113).