Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

■ In the Matter of ROBERT L. SCHULZ, Appellant, v GEORGE E. PATAKI, Individually and as Governor of the State of New York, et al., Respondents. [708 NYS2d 177] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 24, 1999 in Albany County, which, *inter alia,* dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78, declaratory judgment action and action pursuant to State Finance Law article 7-A, seeking, *inter alia,* a declaration that respondent Governor's distribution of complimentary tickets to Whiteface Mountain and the State Fair was unconstitutional.

Following a devastating ice storm which struck northern New York on January 7, 1998, a State Disaster Emergency was declared and thousands of individuals volunteered to assist residents of the region with such duties as debris removal, traffic control, road clearance, security patrol, and food and water distribution. That summer, respondent Governor sent letters to approximately 19,617 individuals who volunteered in the relief effort thanking them for their assistance and inviting them and their families to attend two picnics to be held in their honor in the City of Watertown, Jefferson County, and the City of Plattsburgh, Clinton County, on August 22, 1998. Included with the letters were two complimentary ski lift tickets to Whiteface Mountain Ski Center and two complimentary tickets for admission to the State Fair.

As a result, petitioner commenced this combined declaratory judgment action/proceeding against the Governor and respondent Friends of Pataki, a private political campaign committee organized to assist the Governor in his 1998 bid for reelection. In his amended verified petition/complaint, petitioner alleged

that (1) the distribution of the letters exceeded the Governor's authority and was ultra vires, (2) the distribution of the letters violated petitioner's right to a free election under the 1st Amendment of the US Constitution and NY Constitution, article I, § 9, (3) the provision of complimentary tickets constituted illegal gifts in violation of NY Constitution, article VII, § 8, and (4) the provision of complimentary tickets and the printing and mailing expenses associated therewith constituted an expenditure of State funds without appropriation in violation of NY Constitution, article VII, § 7. Among the relief requested by petitioner was an order directing that the Governor and Friends (hereinafter collectively referred to as respondents) reimburse the State treasury for the value of the allegedly improper gifts. Following joinder of issue, respondents moved, *inter alia*, for summary judgment. Supreme Court dismissed the amended verified petition/complaint resulting in this appeal.

Initially, while petitioner seeks to hold Friends financially responsible for the Governor's alleged actions herein, Friends' deputy campaign manager averred that it had no involvement in the activities which are the subject of the petition/complaint. Inasmuch as petitioner has failed to adduce adequate evidence demonstrating otherwise, Supreme Court properly dismissed the proceeding as against Friends.

Turning to petitioner's substantive claims, he argues, *inter alia*, that the Governor's distribution of the letters was politically motivated and violated his right to a free election under the 1st Amendment of the US Constitution and NY Constitution, article I, § 9. We find the argument unpersuasive. In order to demonstrate such a constitutional deprivation of rights, it must be shown that government funds were expended for the purpose of promoting a particular political outcome or partisan cause in an election (*see, Matter of Schulz v State of New York*, 86 NY2d 225, 233-236, *cert denied* 516 US 944; *Matter of Schulz v McCall*, 220 AD2d 984, 985-986; *see also, Matter of Phillips v Maurer*, 67 NY2d 672, 674). A review of the form letter distributed by the Governor reveals no such purpose. Rather, it discloses the Governor's intention to thank members of the public who came forward and rendered assistance during an emergency situation. Under the circumstances, we find no interference with the right to a free election.

In addition, we do not find that the complimentary tickets or the free food, T-shirts and entertainment provided at the picnics constituted unconstitutional gifts. NY Constitution, article VII, § 8 (1) provides, in relevant part, that "[t]he money

of the state shall not be given or loaned to or in aid of any private corporation or association, or private undertaking." Petitioner has failed to submit proof that the free food, T-shirts and entertainment furnished at the picnics were purchased with public funds and the evidence in the record indicates otherwise. Moreover, the complimentary lift tickets were furnished by the Olympic Regional Development Authority (hereinafter ORDA), a public benefit corporation (*see*, Public Authorities Law art 8, tit 28) and independent entity which obtains its funding from the Legislature and not from the State treasury or State property (*see*, Public Authorities Law §§ 2616, 2617). ORDA has occasionally provided complimentary tickets to the public to promote tourism. The redemption of such tickets is without expense to the State.

Similarly, the entity which operates the State Fair, a part of the Department of Agriculture and Markets, has broad authority to regulate admission and has in the past provided free admission to certain patrons for the purpose of promoting attendance at the fair (*see*, Agriculture and Markets Law § 31-b; 1 NYCRR 364.6). Notably, during the year at issue, the State Fair was completely self-funded and no tax moneys were appropriated for operating costs. Since the State did not actually incur any expense in furnishing the free food, T-shirts or entertainment at the picnics or in providing the complimentary tickets after the relief effort, we do not find that such items constituted unconstitutional gifts.

Furthermore, we do not find that the furnishing of the complimentary tickets nor the printing and mailing expenses associated therewith violated NY Constitution, article VII, § 7. That provision "requires that there be a specific legislative appropriation each time that moneys in the State treasury are spent" (*Anderson v Regan*, 53 NY2d 356, 359; *see*, NY Const, art VII, § 7). As previously noted, the complimentary tickets did not entail any expenditure of moneys derived from the State treasury. Moreover, the majority of the printing and mailing expenses were financed by the Department of Economic Development from appropriations by the Legislature for business development and the promotion of tourism. Since the mailings fell within the broad purpose of such appropriation, the disbursement was authorized. Although the Executive Chamber picked up a small portion of the postage expenses, we find, under the circumstances presented, that this was a reasonable expenditure consistent with the goal of disaster preparedness (*see generally*, Executive Law art 2-B). We have considered petitioner's remaining contentions and find them unavailing.

Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by adding a declaration that the mailing of the July 30, 1998 letter together with complimentary tickets to Whiteface Mountain and the State Fair and the provision of free food, T-shirts and entertainment at two picnics held on August 22, 1998 by respondent Governor to individuals who volunteered in the relief effort following the January 7, 1998 ice storm in northern New York have not been shown to be unconstitutional, and, as so modified, affirmed.