■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v NEW YORK STATE LEGISLATURE et al., Respondents. [718 NYS2d 422] —Spain, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered September 16, 1999 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted a motion by respondents State Legislature, Assembly Speaker and Senate Majority Leader to dismiss the complaint/petition based on res judicata and laches.

In 1985, respondent State Legislature adopted chapter 682 of the Laws of 1985 (hereinafter Chapter 682) which, *inter alia*, authorized respondent Washington County to enter into a contract with respondent Warren and Washington Counties Industrial Development Agency (hereinafter IDA) for the financing and maintenance of a solid waste resource recovery facility. Pursuant to that enabling legislation, the facility— known as the Adirondack Resource Recovery Facility—was constructed in the Village of Hudson Falls, Washington County, by Adirondack Resource Recovery Associates, L. L. P. (hereinafter Adirondack). Adirondack has operated the facility since 1991.

Briefly summarized, the facility is owned by IDA, having been financed by IDA's issuance of $86.7 million in bonds which are solely the obligation of IDA (*see, Matter of Schulz v State of New York*, 198 AD2d 554, *lv denied* 83 NY2d 756). In conjunction with the issuance of the bonds, various entities—including IDA and Washington County and respondent Warren County— entered into numerous contracts or agreements setting forth their obligations, financial and otherwise (*see, id.*, at 554-555). In essence, IDA and the Counties agreed to deliver to the facility all waste generated in the two Counties and IDA agreed to pay Adirondack a monthly waste disposal service fee based upon a number of cost components including operating expenses as well as debt service. In turn, Washington County agreed to pay IDA for the monthly waste disposal fee, and Warren County agreed to reimburse Washington County one half of that fee. While the Counties charged garbage haulers a tipping fee to cover the waste disposal fee, the tipping fees proved inadequate to cover the waste disposal fees and, as a result, the Counties began paying portions of the waste disposal fee from other resources.

Previously, in *Matter of Schulz v State of New York* (*supra*), we rejected challenges by these same petitioners to the constitutionality of a State appropriation to the Counties to aid this facility (*id.*, at 556). We likewise rejected, *inter alia*, myriad constitutional challenges to the Counties' financing arrangements and use of taxpayer funds to pay the monthly contractual disposal fee to IDA—which petitioners had argued violated the no gifting and debt-incurring limitation provisions (*see*, NY Const, art VIII, § 1; art X, § 5; art VIII, § 2; General Municipal Law § 870)—recognizing that the Counties' obligations to pay the fees were contingent on receipt of waste disposal services and that the Counties were not directly liable to the bondholders (*Matter of Schulz v State of New York, supra*, at 556-557).

In 1998 petitioners instituted the instant combined CPLR article 78 proceeding and declaratory judgment action seeking, *inter alia*, an order declaring the following to be unconstitutional: Chapter 682 (claim 1), the 1988 financing and operation contracts between IDA and the Counties (claim 2), and State Finance Law § 123-b (1) (claim 5). Petitioners also sought a declaration of unconstitutionality regarding Warren County Budget Resolution No. 367 of 1998, which authorized that County's issuance and sale of a budget note in the amount of $462,500 to pay its contractual solid waste disposal financial obligation (claim 3). Finally, petitioners sought a declaration of unconstitutionality with regard to the resolutions passed in 1998 by the Counties' respective Boards of Supervisors requesting State legislation authorizing the Counties to enter new financing agreements or to authorize pledges or intercepts of County sales tax revenues in connection with the Counties' agreement to pay IDA's debt obligations with respect to the facility (claim 4).

The Attorney General, on behalf of the Legislature, respondent Assembly Speaker and respondent Senate Majority Leader (hereinafter collectively referred to as the State respondents), moved pursuant to CPLR 3211 in lieu of an answer to dismiss the complaint/petition primarily contending that the action/proceeding is barred by res judicata and collateral estoppel as it—at most—merely raises new theories and claims for the same transactions previously reviewed in *Matter of Schulz v State of New York* (*supra*). The State respondents also raised the objections and affirmative defenses of untimeliness, laches, petitioners' lack of standing and failure to state a cause of action. The Counties and IDA answered, raising various affirmative defenses; they submitted affidavits in opposi-

tion solely disputing petitioners' request for preliminary injunctive relief but did not take a position on or join in the State respondents' dismissal motion, and apparently did not submit a memorandum of law or other legal arguments to Supreme Court on the merits of the complaint/petition.

Supreme Court granted the State respondents' motion and dismissed the complaint/petition and denied the relief requested therein "in all respects" based solely upon res judicata and laches principles. We interpret Supreme Court's decision as dismissing all five claims in the complaint/petition on res judicata and laches principles as against all respondents, including the Counties and IDA. As a result, the court expressly declined to address Adirondack's motion to intervene. On petitioners' appeal we granted Adirondack's motion to intervene as a respondent.

On appeal, petitioners argue that this combined action and proceeding is not barred by res judicata because, *inter alia*, *Matter of Schulz v State of New York* (*supra*) is distinguishable in that new evidence and facts developed or discovered since that litigation have more clearly demonstrated the unconstitutionality of respondents' actions regarding the financing of this facility, new questions are presented and they rely upon new or different constitutional provisions. The County and IDA did not file briefs on this appeal.

Under the transactional analysis approach to res judicata applied in this State, as a general rule a valid final judgment on a claim or claims precludes future litigation between the same parties of claims arising from the same causes of actions, i.e., the same transactions or series of transactions, even if based upon different theories or if seeking a different remedy (*see*, *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347; *O'Brien v City of Syracuse*, 54 NY2d 353, 357; *Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193; *Matter of Reilly v Reid*, 45 NY2d 24, 27).

In the present case, petitioners' first claim challenges the constitutionality of Chapter 682 which authorized Washington County and IDA to enter financing and management contracts for a solid waste/resource recovery facility. Clearly, petitioners should and could have raised—and in fact, in part, did raise— this constitutional challenge to the enabling legislation in *Matter of Schulz v State of New York* (*supra*) in which they challenged the constitutionality, *inter alia*, of the Counties' actions, the financing arrangements for the facility, and the contracts entered pursuant to Chapter 682. Having unsuccessfully challenged the contracts and financing arrangements authorized

by Chapter 682 as well as Chapter 682 itself (*see, id.*), petitioners are precluded by principles of res judicata and collateral estoppel from raising challenges in the present action/proceeding premised upon new legal theories or arising from or directed at Chapter 682, which was necessarily part of the series of transactions and foundational facts in the prior litigation (*see, O'Brien v City of Syracuse, supra; Matter of Reilly v Reed, supra,* at 30; *see also, Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 649; *Ryan v New York Tel. Co.,* 62 NY2d 494, 500). Moreover, petitioners' 1998 request for a declaration that Chapter 682—enacted in 1985—is unconstitutional is untimely (*see,* CPLR 213 [1]; *Solnick v Whalen,* 49 NY2d 224, 230; *Matter of Frontier Ins. Co. v Town Bd. of Town of Thompson,* 252 AD2d 928, 930), and is barred on the ground of laches as well, as Supreme Court so held (*see, Matter of Schulz v State of New York,* 81 NY2d 336, 345-349).

Petitioners' second claim is readily disposed of, as it seeks a declaration of unconstitutionality with regard to the Counties' 1988 contracts with IDA providing for, *inter alia,* the payment of waste disposal fees a component of which is debt service on the IDA bonds. This issue was, for the most part, actually, necessarily and unsuccessfully litigated and decided in *Matter of Schulz v State of New York,* (198 AD2d 554, 555-557, *supra*) and, thus, relitigation of this issue is barred by collateral estoppel precepts (*see, Parker v Blauvelt Volunteer Fire Co., supra,* at 349, 350; *Continental Cas. Co. v Rapid-American Corp., supra,* at 649; *Ryan v New York Tel. Co., supra,* at 500-501). To the extent that petitioners attempt herein to raise new constitutional challenges or different legal or factual theories to undermine these 1988 contracts, their claim is barred by res judicata (*see, Parker v Blauvelt Volunteer Fire Co., supra,* at 347; *Matter of O'Brien v City of Syracuse, supra,* at 357-358; *Matter of Reilly v Reid, supra,* at 28-29). Further, this second claim is also untimely and barred by laches. Thus, Supreme Court correctly dismissed petitioners' first and second claims as against all respondents.

Petitioners' fifth claim seeks a declaration that State Finance Law § 123-b (1) is unconstitutional in that it contains limitations on taxpayers' statutory standing to challenge revenue raising through certain bonds or anticipation notes. However, even assuming that this claim is not barred by res judicata or otherwise, we have repeatedly rejected this contention on the merits and petitioners offer no persuasive reason for departing from that holding (*see, Matter of Schulz v State of New York,* 185 AD2d 596, 597, *appeal dismissed, lv denied* 81 NY2d 336;

*see also, Matter of Schulz v New York State Legislature*, 244 AD2d 126, 130 n 2, *lv denied* 92 NY2d 818, *appeal dismissed* 92 NY2d 946, *cert denied* 526 US 1115; *Matter of Schulz v New York State Executive*, 233 AD2d 43, 46, *affd* 92 NY2d 1, *cert denied* 525 US 965). Thus, Supreme Court should have issued a declaration on the merits in favor of respondents that petitioners have not demonstrated the unconstitutionality of State Finance Law § 123-b (1) (*see, Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954).

However, we find that petitioners' present third and fourth claims should not have been dismissed on either res judicata or collateral estoppel grounds. These challenges *sub judice* concern resolutions not passed by the Counties' respective Boards of Supervisors until 1998 and, as such, we cannot conclude—under the transactional analysis to res judicata—that petitioners should or could have raised them in their 1992 complaint/petition (*see, Parker v Blauvelt Volunteer Fire Co.*, *supra*, at 347; *O'Brien v City of Syracuse, supra*, at 358). While petitioners did unsuccessfully litigate the narrow issue apparently repeated in these claims that the Counties' use of taxpayer funds to pay the monthly disposal fees constitutes aiding a public corporation or gifting/loaning to a private corporation in violation of NY Constitution, article X, § 5 and NY Constitution, article VIII, § 1, the remainder of these claims were not actually litigated so as to be precluded under the doctrine of collateral estoppel (*see, Parker v Blauvelt Volunteer Fire Co., supra*, at 349; *Continental Cas. Co. v Rapid-American Corp., supra*, at 649). Further, laches does not apply as these claims were raised shortly after the challenged resolutions were adopted. Accordingly, Supreme Court erred in dismissing the third and fourth claims against the Counties.

Cardona, P. J., Crew III and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion to dismiss the third and fourth claims against respondents Washington County and Warren County; motion denied to that extent and it is declared that State Finance Law § 123-b (1) has not been shown to be unconstitutional; and, as so modified, affirmed.