■ STEVEN M. ISABELL et al., Appellants, v U.W. MARX, INC., Respondent. [751 NYS2d 324] —Cardona, P.J. Appeal from an order of the Supreme Court (Canfield, J.), entered August 31, 2001 in Rensselaer County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Steven M. Isabell (hereinafter plaintiff) was employed by J & E Pile Driving, which was hired to drive steel piles for the construction of the Albany Parking Garage located in the City of Albany. Defendant was the general contractor for the project. Each pile consisted of a 40-foot steel H-beam which weighed nearly two tons. On July 26, 1999, plaintiff's job was to weld steel "points" to the beams which were laid on the ground in two layers separated by wooden four by fours. Once welding was finished on one side, each beam had to be turned over or "flipped" so that plaintiff could finish welding the other side. To accomplish the flipping, plaintiff affixed a clamp to the center of the beam and hooked the clamp to a line on the crane. Plaintiff would then stand back from the beam while the operator lifted it approximately four feet, swung it from side to side to build momentum and then deliberately dropped it (still attached to the line) in order to roll it over. Prior to the accident, more than a dozen beams were successfully flipped in this manner. However, at one point, the crane operator experienced difficulty flipping one of the beams. Plaintiff approached the beam as it rested upon the four by fours with the intent of repositioning the clamp. When plaintiff observed the cable line begin to move, he stopped 10 feet from the beam. The operator, not seeing plaintiff, raised the beam, swung it in plaintiff's direction and dropped it before plaintiff could get out of the way. The beam shattered the four by fours and landed on plaintiff's foot, causing injury.

Plaintiff and his wife, derivatively, commenced this personal injury action against defendant alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following discovery, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim. Supreme Court granted defendant's motion, denied plaintiffs' cross motion and dismissed the complaint.

Initially, we note that plaintiffs' failure to address in their

brief on this appeal the dismissal of their common-law negligence and Labor Law §§ 200 and 241 (6) causes of action constitutes an abandonment of these issues (*see Olson v Pyramid Crossgates Co.*, 291 AD2d 706, 708; *Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692 n 1). Furthermore, upon this record, to the extent that plaintiffs argue that the four by fours constituted a "scaffold" within the meaning of Labor Law § 240 (1), we note that this argument was never properly raised in the complaint, bill of particulars (*see Morgan v State of New York*, 90 NY2d 471, 487) or in the proceedings before Supreme Court (*see Elkenani v Abdel-Raouf*, 290 AD2d 720, 721, *lv dismissed* 98 NY2d 646). Therefore, it is unpreserved for our consideration. Accordingly, we only address plaintiffs' other arguments pertaining to their Labor Law § 240 (1) claim.

First, plaintiff did not sustain his injuries in a fall but, rather, when the beam fell on him. Therefore, in this "falling object" case, it does not matter whether plaintiff was working at an elevation at the time of the accident (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268). In order to establish Labor Law § 240 (1) liability in a falling object case, "[a] plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*id.* at 268 [emphasis in original]).

Here the beam, attached to the clamp and line, was deliberately dropped to accomplish the task of flipping it (*see e.g. Corey v Gorick Constr. Co.*, 271 AD2d 911). Neither the crane, the line attached to the clamp nor the clamp itself malfunctioned. Each performed as intended and "served [its] core objective under Labor Law § 240 (1) of preventing the beam from being unintentionally * * * released" (*id.* at 913). Although plaintiff argues that the single line clamp was an inadequate safety device and he worked on other jobs with a "spreader hook" which he described as a "little safer," there was no evidence that the clamp failed to perform its function or evidence that additional lines would have prevented the accident. This was simply "not a situation where a hoisting or securing device [or an additional device] of the kind enumerated in the statute would have been necessary or even expected" (*Narducci v Manhasset Bay Assoc., supra* at 268; *see Roberts v General Elec. Co.*, 97 NY2d 737, 738). We agree with Supreme Court that this was "not a falling hazard contemplated by the statute," but "a general hazard of the workplace" (*Narducci v Manhasset Bay Assoc., supra* at 269; *see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487). Ac-

cordingly, Supreme Court did not err by granting defendant's motion for summary judgment dismissing the complaint.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.