**Benjamin W. SMITH, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Defendant–Appellee.**

No. 02–7746.

United States Court of Appeals, Second Circuit.

Nov. 6, 2003.

Benjamin W. Smith, for Appellant, pro se.

Lewis A. Polishook, Assistant Attorney General (Lisa E. Fleischmann, Assistant Attorney General, Marion Buchbinder, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), Office of the Attorney General of the State of New York, New York, New York, for Appellee, of counsel.

### SUMMARY ORDER

Plaintiff Benjamin W. Smith filed a *pro se* complaint against the New York State Department of Taxation and Finance, claiming that his bank account was illegally seized and that, for five years, he was harassed through telephone calls and mailings. Plaintiff's complaint, apparently brought pursuant to 42 U.S.C. § 1983, seeks damages and injunctive relief. The District Court dismissed the complaint for lack of subject matter jurisdiction, citing the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and defendant's sovereign immunity as an agency of the State of New York. *Smith v. New York State Dep't of Taxation & Fin.*, No. 01 CV 1776(SJ) (E.D.N.Y. May 22, 2002).

The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. For substantially the reasons stated by the District Court, we agree that the revenue that defendant is trying to collect is a "tax," and that New York provides a "plain, speedy and efficient" remedy to plaintiff through a declaratory judgment action in the New York courts. *Smith,* No. 01 CV 1776, at 5–7. While the TIA specifically prohibits injunctions, the Su-

498

preme Court has held that principles of comity similarly bar suits for damages under § 1983. *See Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). Under the TIA and principles of comity, therefore, the District Court lacked subject matter jurisdiction over plaintiff's action.

To the extent that plaintiff seeks damages, we further agree with the District Court that defendant, as an agency of the State of New York, is immune from suit.

Finally, we note that the State asserts in its brief that New York State law provides two "plain, speedy and effective" state remedies, neither of which is foreclosed by our affirmance of the District Court. According to the State, first, New York's C.P.L.R. § 3001 permits a state supreme court to issue a declaratory judgment, and, second, plaintiff can bring a § 1983 claim in state court to challenge the constitutionality of the alleged seizure of his bank account.

\* \* \* \* \* \*

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.