■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v NEW YORK STATE LEGISLATURE et al., Respondents. [773 NYS2d 174]—

Spain, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered December 23, 2002 in Albany County, which, inter alia, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted a cross motion by respondent Warren County Board of Supervisors for summary judgment and a cross motion by respondent Washington County Board of Supervisors to dismiss the complaint/petition.

The genesis of this controversy is enabling legislation passed by the Legislature in 1985 (see L 1985, ch 682), pursuant to which respondent Adirondack Resource Recovery Associates LLP (hereinafter Adirondack)[1] constructed a solid waste resource recovery facility in the Village of Hudson Falls, Washington County. Washington and Warren Counties (hereinafter the Counties) and the facility's owner, respondent Warren and Washington Counties Industrial Development Agency (here-

---

1. Wheelabrator Hudson Falls, LLC was substituted for Adirondack on appeal.

inafter IDA), entered into numerous agreements setting forth their respective financial and other obligations; IDA financed the project by issuing bonds on which it was solely obligated. As relevant here, the net effect of the agreements was that the Counties agreed to deliver their waste to the facility and to equally share a monthly waste disposal fee to be paid through IDA to Adirondack. Thereafter, the tipping fees which the Counties charged garbage haulers proved to be inadequate to cover the Counties' contractual waste disposal fees, necessitating payment of the shortfall through alternate sources. The final result of petitioners' previous combined CPLR article 78 proceeding and action for declaratory judgment, commenced in 1992, was that their numerous constitutional challenges to, among other things, the financing terms and agreements and the 1985 enabling legislation were rejected in all respects (*Matter of Schulz v State of New York*, 198 AD2d 554, 556-557 [1993], *lv denied* 83 NY2d 756 [1994]).

In 1998, the same petitioners commenced the instant declaratory judgment action and CPLR article 78 proceeding, following passage of certain resolutions relating to this facility by respondents Warren County Board of Supervisors and Washington County Board of Supervisors (hereinafter collectively referred to as the County Boards). Namely, the Warren County Board of Supervisors enacted Budget Note Resolution Nos. 367 and 402 of 1998 which directed Warren County to issue budget notes to cover its share of the waste disposal fee, for which insufficient funds had been appropriated in the Warren County budget. The County Boards also separately adopted Home Rule Resolutions in 1998 requesting that the State Legislature enact a law authorizing the Counties to make agreements to use intercepted county sales tax revenues to pay for disposal or maintenance costs or any refinancing plan for the IDA bonds. Thereafter, the Legislature enacted Laws of 1999 (ch 501), which implemented the County Boards' requests for legislation.

Petitioners alleged five causes of action in their 1998 petition/complaint, three of which were dismissed in their entirety (claims 1, 2 and 5) on a prior appeal and two of which (claims 3 and 4) are the subject of this appeal (278 AD2d 710 [2000], *appeal withdrawn* 96 NY2d 859 [2001]). Specifically, petitioners' challenges (in claim 1) to the initial enabling legislation (*see* L 1985, ch 682) were dismissed on res judicata and collateral estoppel grounds (*id.* at 712-713), as were their requests for a declaration of unconstitutionality with regard to the Counties' contracts with IDA (claim 2) (*id.* at 713). Petitioners' request in their fifth claim for a declaration of unconstitutional-

ity with respect to State Finance Law § 123-b (1) was rejected on the merits (*id.* at 713-714). As to the claims with respect to the 1998 Budget Note Resolutions (claim 3) and Home Rule Resolutions (claim 4), we held that they were not precluded on res judicata or collateral estoppel grounds (*id.* at 714) by our 1993 decision (*see Matter of Schulz v State of New York, supra*). However, we did note that in claims 3 and 4, petitioners were attempting, in part, to relitigate the contentions already unsuccessfully litigated in their original 1992 petition/complaint, i.e., "that the Counties' use of taxpayer funds to pay the monthly disposal fees constitutes aiding a public corporation or gifting/ loaning to a private corporation in violation of NY Constitution, article X, § 5 and NY Constitution, article VIII, § 1" (278 AD2d 710, 714 [2000], *supra*). Those aspects of these remaining claims—repeated again on this appeal—are necessarily entirely barred by collateral estoppel precepts (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]), as Supreme Court correctly determined in the judgment on appeal.

On the parties' cross motions, Supreme Court rejected all of the constitutional challenges in claims 3 and 4 to the 1998 Budget Note Resolutions and Home Rule Resolutions and denied petitioners' motion for declaratory and injunctive relief. The court declined to rule on petitioners' request for a declaration of unconstitutionality regarding Laws of 1999 (ch 501) because petitioners never added it to their 1998 petition/complaint. Supreme Court granted the Warren County Board's cross motion for summary judgment and the Washington County Board's cross motion to dismiss, declaring that the foregoing resolutions do not violate the state constitutional provisions in issue. On petitioners' appeal, we affirm, finding no merit to any of their arguments.[2]

Initially, as we clearly stated in petitioners' prior appeal in this action/proceeding (278 AD2d 710, 712-713 [2000], *supra*) and we now reiterate, their challenges—whether new or repeated—to Laws of 1985 (ch 682) and to the underlying agreements are completely barred forever by principles of res judicata and collateral estoppel (*see Parker v Blauvelt Volunteer Fire Co., supra* at 347-349; *Ryan v New York Tel. Co., supra* at 500; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

Next, we agree that petitioners failed to overcome the strong

---

2. Supreme Court also dismissed petitioners' federal constitutional claims. As petitioners failed to address these claims on appeal, they are deemed abandoned (*see De Vincentis & Son Constr. v City of Oneonta*, 304 AD2d 1006, 1007 n 1 [2003]).

presumption of constitutionality attached to legislative enactments such as the challenged resolutions (*see 41 Kew Gardens Rd. Assoc. v Tyburski*, 70 NY2d 325, 333 [1987]; *Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11 [1976]). In claim 3, no merit is shown in petitioners' assertion that the Warren County Budget Note Resolutions constitute a contract of County indebtedness for a period longer than the probable useful life of the purpose of the debt, in violation of NY Constitution, article VIII, § 2. The undisputed purpose of the budget notes, which the Warren County Board directed the County to issue and which were to mature in less than one year, was to provide sufficient County funds to pay its contractual share of the disposal fees (since insufficient funds had been appropriated in the County budget to cover the fees). Thus, the purpose of the debt incurred by the budget notes—to pay the monthly disposal fees—would last at least as long as the debt (the budget notes) (*see Cherey v City of Long Beach*, 282 NY 382, 386-389 [1940]).[3]

We also find no merit to petitioners' contention in claim 4 that the Home Rule Resolutions violate NY Constitution, article VII, §§ 7 and 8. Significantly, these resolutions merely *request* the passage of legislation by the Legislature and do not themselves take any action contemplated by the constitutional provisions, such as paying state money or gifting/lending state money or credit, rendering inapplicable these constitutional provisions (*see Matter of Schulz v Pataki*, 272 AD2d 758, 759-760 [2000], *appeal dismissed* 95 NY2d 886 [2000], *lv denied* 95 NY2d 769 [2000]; *Matter of Crosson v Regan*, 192 AD2d 109, 114 [1993]). Petitioners claim that the resolutions violate section 7 of article VII, which requires a legislative appropriation to spend money in the state treasury (*see Anderson v Regan*, 53 NY2d 356, 359 [1981]). The flaw in this claim is that the Comptroller would actually be intercepting separate *county* sales tax revenues—not state sales tax revenues—and, thus, section 7 of article VII is not implicated (*see Saratoga Harness Racing Assn. v Agriculture & N.Y. State Horse Breeding Dev. Fund*, 22 NY2d 119, 123-124 [1968]; *Matter of Clark v Sheldon*, 106 NY 104, 111-112 [1887]; *cf. Anderson v Regan, supra* at 359-361). The same analysis applies to petitioners' claim that the Home Rule Resolutions violate section 8 (1) of article VII, which prohibits the state from giving or lending state money or credit to a public corporation (*see Wein v State of New York*, 39 NY2d 136, 142-144 [1976]).

---

**3.** Indeed, in recognition of the usefulness to counties of indebtedness incurred as a result of the issuance of budget notes, the Legislature authorized counties to issue budget notes to, inter alia, finance budgetary deficiencies (*see* Local Finance Law § 2.00 [1]; § 29.00 [a] [2]).

Finally, Supreme Court properly dismissed petitioners' efforts to challenge the constitutionality of Laws of 1999 (ch 501), which was passed by the Legislature after this action/proceeding was commenced. Petitioners never attempted to add this challenge to their pleadings and it is neither preserved nor a part of this action/proceeding (*see Isabell v U.W. Marx, Inc.*, 299 AD2d 701, 702 [2002]; *Matter of Schulz v State of New York*, 241 AD2d 806, 808 [1997], *appeal dismissed* 90 NY2d 1007 [1997]). Petitioner's remaining contentions either lack merit or are unpreserved for our review.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.