Robert L. SCHULZ, et al., Plaintiffs,

v.

**WASHINGTON COUNTY BOARD OF SUPERVISORS, et al., Defendants.**

**No. 1:04–CV–1375(LEK/RFT).**

United States District Court, N.D. New York.

Dec. 14, 2004.

Robert L. Schulz, Queensbury, NY, pro se.

Diane Lukaris, Lake George, NY, pro se.

Raymond Bassette, Sr., Granville, NY, pro se.

Keith Gilligan, Fort Edward, NY, pro se.

Bruce Turnbull, Fort Ann, NY, pro se.

Louis Navarro, Fort Ann, NY, pro se.

Judith Porcaro, Argyle, NY, pro se.

### MEMORANDUM DECISION AND ORDER [1]

KAHN, District Judge.

In the present case, Plaintiffs, real property owners in Washington and Warren Counties (collectively "Plaintiffs" or "Property Owners"), move the Court for a preliminary injunction that would require Defendants to (1) remove Plaintiffs' names from the roll of delinquent taxpayers; (2) prohibit the assessment of financial penalties and interest on Plaintiffs' real property; (3) prohibit the initiation of foreclosure proceedings on Plaintiffs' real property; and (4) further prohibit Defendants from taking any other retaliatory action against Plaintiffs.

Defendants, the New York counties of Washington and Warren, as well as several public officials from those counties (collectively "Counties"), contend that this Court lacks subject matter jurisdiction over the instant action, pursuant to the Tax Injunction Act, 28 U.S.C. § 1341. The Counties further claim that even if subject matter jurisdiction is proper, the preliminary injunction must be denied because there is no irreparable harm to the Property Owners and no likelihood of success on the merits.

### I. BACKGROUND

The Plaintiffs contend that the State Legislature passed enabling legislation which allows the real property in the Counties to be taxed in order to pay the principal of and interest on the debt obligations of a public corporation. Plaintiffs' Mem. (Dkt. No. 3) at 1. Specifically, the enabling legislation, adopted as Chapter 682 of the Laws of 1985 (hereinafter "Chapter 682"), allowed Warren and Washington Counties to create a public corporation, the Washington and Warren Counties Industrial Development Agency ("IDA"), which was to finance a solid waste resource recovery facility by issuing bonds on which the IDA was solely obligated.

---

1. For printed publication in the Federal Reporter.

*See Schulz v. N.Y. State Leg.*, 5 A.D.3d 885, 886–87, 773 N.Y.S.2d 174 (N.Y.App. Div.2004). Plaintiffs contend that Chapter 682 was passed without a home rule resolution, a procedure mandated by the New York Constitution.

By way of background, the "home rule" provision of the New York Constitution has been explained by the New York Court of Appeals as follows:

> Article IX, § 2 of the State Constitution grants the Legislature authority to enact a "general law" relating to the property, affairs or government of local governments (N.Y. Const, art IX, § 2[b][2] ). A general law is defined as a "law which in terms and in effect applies alike to all counties ..." (N.Y. Const, art IX, § 3[d][1] ). In contrast, a "special law" is defined as a "law which in terms and effect applies to one or more, but not to all, counties ..." (N.Y. Const, art IX, § 3[d][4] ). Article IX further provides that a special law relating to the property, affairs or government of any local government may not be enacted without a "home rule message" from the locality or the localities affected by the law (N.Y. Const, art IX, § 2[b][2] ). A home rule message is a "request of two-thirds of the total membership of [the local] legislative body or [a] request of its chief executive officer concurred in by a majority of such membership" *id.*
>
> *Patrolmen's Benevolent Assoc. of the City of New York v. City of New York*, 97 N.Y.2d 378, 740 N.Y.S.2d 659, 767 N.E.2d 116, 120 (2001).

The Property Owners contend that Chapter 682, which dictated the IDA's financing of the waste facility, was a special act applying only to select New York counties, but because it was not passed with a home rule resolution, it is unconstitutional. The Property Owners claim that a home rule resolution was avoided because of the conduct of the Chairman of the Washington County Board of Supervisors. The Chairman, in a letter he wrote directly to Governor Cuomo, explained that he had received the full approval and support of the Board of Supervisors for Chapter 682's financing arrangement and requested that the Governor sign it into law. Chapter 682 was enacted. At the preliminary injunction hearing, however, Washington County conceded that contrary to the Chairman's letter, a home rule resolution relating to this legislation was never passed.[2]

To voice their objection to what they perceived as the unconstitutional enactment of Chapter 682, the Property Owners petitioned the Counties for a "Redress of Grievances," as provided for in the First Amendment. It appears as though those Petitions for Redress of Grievances were in the form of letters written by Plaintiff Schulz in February 2003, in addition to public statements he made around that time before the Board of Supervisors of Washington County. *See* Exhibits H, I (Dkt. No. 1). Having received no response to their Petition for Redress of Grievances, the Property Owners decided to place their real property taxes into a trust account until their concerns relating to the unconstitutionality of Chapter 682 was resolved, rather than paying their taxes directly to the Counties as they came due.

For failing to pay their taxes, the Property Owners have had their names added to a list of delinquent real property taxpayers in Warren and Washington Counties. According to the affidavit of Shelly Van Nostrand, a Legal Assistant in the Warren County Attorney's Office, Plaintiff

---

**2.** Although, the Counties did not concede that the special act itself was unconstitutional.

Schulz is the only one who appears to be a delinquent taxpayer in Warren County. Van Nostrand Aff. (Dkt. No. 10). According to the affidavit of Washington County Treasurer, Phyllis Cooper, all of the Plaintiff Property Owners are delinquent in taxes on their respective properties owned in Washington County. Cooper Aff. (Dkt. No. 8) at ¶ 2. On September 8, 2004, the Property Owners received notice from Washington County that their names would be added to the public list of delinquent taxpayers on November 1, 2004 if they did not remit the taxes due. *Id.* at ¶ 3. When payment was not received, their names were added to that list on or about November 15, 2004. *Id* at ¶ 4. Washington County has further informed the Court that if the taxes remain unpaid, on or about June 27, 2005, notice concerning the petitions of foreclosure will be sent to the taxpayers, and as of October 1, 2005, additional penalties will be assessed, and the County will file those petitions of foreclosure.

The Property Owners bring the present action in federal court because they claim that the actions that the Counties have taken against them for their failure to pay their property taxes are retaliation for them voicing their opinions that Chapter 682 was passed in violation of the New York State Constitution. This retaliation, they claim, violates their First and Fourteenth Amendment rights.

The Counties respond that the actions which they have taken are not in retaliation for the Property Owners' voicing their opposition in the Petitions for Redress of Grievances, but rather that these actions were taken in accordance with the mandates of New York's Real Property Tax Law. Specifically, New York Real Property Tax Law § 1122 requires Counties to place delinquent real property taxpayers on a publicly published list.

## II. DISCUSSION

### (a) Subject Matter Jurisdiction

Plaintiffs contend that jurisdiction is proper because there is a federal question based on the First Amendment retaliation claim. Defendants assert, however, that this Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, which reads:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

*See Smith v. N.Y. State Dep't. of Taxation and Fin.,* 79 Fed.Appx. 497 (2d Cir.2003) (holding that the opportunity to bring suit pursuant to § 1983 in state court, as well as New York's declaratory judgment actions, provide plain, speedy and efficient remedies that require dismissal under § 1341) (unpublished); *see also Schulz v. Washington County Board of Supervisors,* 1998 WL 566794, 1998 U.S. Dist. LEXIS 22299 (N.D.N.Y.1998) (raising issue of jurisdiction under Tax Injunction Act *sua sponte* to hold that action is dismissed) (Scullin, J).

■ It is clear that federal courts retain subject matter jurisdiction in those cases involving state tax schemes where state remedies are inadequate. *See Kraebel v. N.Y.C. Dept. of Hous. Pres. and Dev.,* 959 F.2d 395, 400 (2d Cir.1992). Remedies are inadequate where they are not "plain, speedy and efficient," as explained in § 1341, or if they are incomplete. *Id.* (citing to *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981)).

■ The Counties explain that the relief the Property Owners seek is to suspend

and restrain the Counties' assessment of taxes. By its terms, § 1341 deprives this Court of subject matter jurisdiction over such an action. Moreover, the Property Owners, specifically Plaintiff Schulz, have brought several actions in state court regarding the constitutionality of Chapter 682, all of which have been dismissed by the courts. There was ample opportunity to bring all of their claims in state court, and they cannot now proceed in federal court.

The Property Owners insist, however, that New York State Finance Law ("SFL") 123–b.1 and the doctrine of laches has precluded the New York state courts from adjudicating the merits of their claims, such that there is no "plain, speedy and efficient" resolution.[3] Therefore, they assert that because the state courts do not offer them complete relief, the Tax Injunction Act does not bar their federal complaint. This position is without merit.

The state courts have considered several suits on the issue of the constitutionality of Chapter 682. In *Congdon v. Washington County*, 130 A.D.2d 27, 518 N.Y.S.2d 224 (N.Y.App.Div.1987), in addition to holding that the construction of the waste disposal facility did not violate several environmental regulations, the Third Department also notably held that the Counties' obligations to pay the IDA bonds did not violate General Municipal Law § 870 nor New York Constitution, art VIII, § 1.

In a 1992 suit, *Schulz v. State of New York*, 198 A.D.2d 554, 555, 603 N.Y.S.2d 207 (N.Y.App.Div.1993) ("*Schulz 1992*"), citizens, led by Plaintiff Schulz, similarly challenged the financing arrangements of the resource recovery facility. Initially, the tipping fees paid by the garbage haulers were insufficient to cover the waste disposal fees, such that Washington and Warren Counties had to pay portions of the monthly fees from other resources. The State Legislature appropriated $350,000 to the facility to assist the Counties with these payments. In *Schulz 1992*, the citizens alleged that the $350,000 that was paid by the State to the Counties violated several provisions of the New York Constitution "in that it constituted State aid to a private undertaking and was an assumption by the State of the IDA's debt obligations." The Third Department specifically held that, assuming there was standing for the citizens to bring the action, the court was "nevertheless ... of the view that the financing arrangements at issue [t]here do not violate the cited constitutional and statutory provisions." *Id.* at 556–57, 603 N.Y.S.2d 207.

Citizens, again led by Plaintiff Schulz, initiated another suit in 1998, specifically raising the claim that Chapter 682 is unconstitutional. In *Schulz v. New York State Legislature*, 278 A.D.2d 710, 718 N.Y.S.2d 422 (N.Y.App.Div.2000) ("*Schulz 1998*"), the Third Department explained:

[P]etitioners' first claim challenges the constitutionality of Chapter 682 which authorized Washington County and IDA to enter financing management con-

---

3. New York State Finance Law 123–b.1 reads:

Notwithstanding any inconsistent provision of law, any person, who is a citizen taxpayer ... may maintain an action for equitable or declaratory relief, or both, against an officer or employee of the state who in the course of his or her duties has caused, is now causing, or is about to cause a wrongful expenditure, misappropriation, misap-

plication, or any other illegal or unconstitutional disbursement of state funds or state property, *except that* the provisions of this subdivision shall not apply to the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof by the state or any agency, instrumentality or subdivision thereof or by any public corporation or public benefit corporation.

tracts for a sold waste/resource recovery facility. Clearly, petitioners should and could have raised-and in fact, in part, did raise-this constitutional challenge to the enabling legislation in *Matter of Schulz v. State of New York*, 198 A.D.2d 554, 603 N.Y.S.2d 207, in which they challenged the constitutionality, *inter alia*, of the Counties' actions, the financing arrangements authorized by Chapter 682 as well as Chapter 682 itself (*see, id.*), petitioners are precluded by principles of res judicata and collateral estoppel from raising challenges in the present action/proceeding premised upon new legal theories or arising from or directed at Chapter 682, which was necessarily part of the series of transactions and foundational facts in the prior litigation .... Moreover, petitioners' 1998 [present] request for a declaration that Chapter 682–enacted in 1985–is unconstitutional is untimely ..., and is barred on the ground of laches as well, as Supreme Court so held ....

*Id.* at 712–13, 718 N.Y.S.2d 422.

The Third Department, however, did find that challenges to financing agreements arranged to pay the IDA's debt obligations that were entered into by the Counties in 1998 were not dismissed under *res judicata* or collateral estoppel grounds. The court recognized that because these arrangements were not made until 1998, citizens could not have raised their objections to them in *Schulz 1992*. *Id.* at 714,

718 N.Y.S.2d 422. Later, in *Schulz v. New York State Legislature*, 5 A.D.3d 885, 773 N.Y.S.2d 174 (N.Y.App.Div.2004), the Third Department affirmed the Supreme Court's decision which rejected those remaining claims that the 1998 financing arrangements violated the New York Constitution.

■ Based upon this review of the actions that Plaintiff Schulz has initiated, the state courts provided a forum that offered a "plain, speedy and efficient remedy." [4] It is clear from their language that the court considered the constitutionality of Chapter 682 in *Schulz 1992* and did not dismiss the action solely on procedural grounds. Considering that the state courts considered the merits of the constitutional claims, there was a remedy-albeit not the one that the Property Owners had hoped. Moreover, when citizens attempted to raise similar constitutional issues in *Schulz 1998*, the Court specifically explained that the Property Owners could have raised their new constitutional objection to Chapter 682 in prior actions. The Third Department therefore deemed new constitutional claims to be barred by collateral estoppel, *res judicata*, and laches, a doctrine used when the plaintiff has delayed in initiating his action. If this Court now held that there was no "speedy and efficient" remedy, such a decision would be in direct contravention of the state courts that held that it was the Property Owners

**4.** The Counties urged during the hearing that for purposes of the Tax Injunction Act there needs to be only be a plain, speedy and efficient remedy for the Property Owners to challenge the assessment of the property tax and penalties in state court as they relate to the retaliation claim, but that there need not be a plain, speedy and efficient remedy offered by state courts with respect to determining whether Chapter 682 is constitutional under the New York Constitution. Even under this interpretation, it would be held that a remedy

is available in state court because there is little question that a First Amendment retaliation claim may be properly brought in the state courts. *See, e.g., Garrity v. Univ. at Albany*, 301 A.D.2d 1015, 755 N.Y.S.2d 471 (N.Y.App.Div.2003) (remanding to Supreme Court for determination of whether university employee's termination violated his First Amendment rights). However, this position may simplify the Tax Injunction Act and the instant action too much.

who delayed in bringing their action. This Court does not sit as an appellate body for those state court decisions.

The state tribunals provided a plain, speedy, and efficient remedy. Therefore, pursuant to the Tax Injunction Act, this Court has no subject matter jurisdiction and the action must be dismissed.[5]

## III. CONCLUSION

In accordance with the above, it is hereby

ORDERED, that the action is **DISMISSED** in its entirety; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

5. Although this matter is dismissed, the Court recognizes the Property Owners' frustration with their effort to challenge the enactment of Chapter 682. However, even if the Court had subject matter jurisdiction and was able to address their First Amendment retaliation claim, the state constitutional issues would not be before this Court, having already been litigated in the state courts.