Robert L. SCHULZ, Diane Lukaris, Keith Gilligan, Judith Porcaro, Plaintiffs–Appellants,

Raymond Bassette Sr., Bruce Turnbull, Louis Navarro, Plaintiffs,

v.

Andrew J. WILLIAMSON, individually and in his official capacity as Chairman of the Washington County Board of Supervisors, Washington County Treasurer's Office, Phyllis Cooper, individually and in her official capacity as Washington County Treasurer, Washington County Clerk's Office, Deborah Beahan, individually and in her official capacity as Washington County Clerk, Warren County Board of Supervisors, William H. Thomas, individually and in his official capacity as Chairman of the Warren County Board of Supervisors, Warren County Treasurer's Office, Francis X. O'Keefe, individually and in his official capacity as Warren County Treasurer, Warren County Clerk's Office, Pamela Vogel, individually and in her official capacity as Warren County Clerk, Defendants–Appellees.

Docket No. 05–0259.

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

Robert L. Schulz, Queensbury, NY, for Plaintiffs–Appellants, pro se.

George F. Carpinello, Boies, Schiller & Flexner, LLP, Albany, NY., for Defendants–Appellants, Andrew J. Williamson, Washington County Treasurer's Office, Phyllis Cooper, Washington County Clerk's Office, and Deborah Beahan.

Timothy J. Perry, Sugarman Law Firm, LLP, Syracuse, NY., for Defendants–Ap-

pellants, Warren County Board of Supervisors, William H. Thomas, Warren County Treasurer's Office, Francis X. O'Keefe, Warren County Clerk's Office, and Pamela Vogel.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

Pro se plaintiffs-appellants appeal from the District Court's judgment, entered December 14, 2004, dismissing their complaint for lack of subject matter jurisdiction, and from the District Court's order entered December 17, 2004, denying their motion to reconsider. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review dismissal for lack of subject matter jurisdiction *de novo. Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 79–80 (2d Cir.2005). The Tax Injunction Act, 28 U.S.C. § 1341, provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." For substantially the reasons cited by the District Court, we find that the District Court was correct in holding that the Tax Injunction Act divested it of jurisdiction over the instant action. Plaintiffs' complaint sought to enjoin defendants from enforcing state tax laws by adding their names to a list of delinquent taxpayers or foreclosing on their real property. New York courts provide a "plain, speedy and efficient" remedy for plaintiffs' claims under 42 U.S.C. § 1983 and the New York State Constitution, *see Bernard v. Village of Spring Valley,* 30 F.3d 294, 297 (2d Cir.1994) (holding Section 1983 action in state court was "plain, speedy and effective" remedy as required by Tax Injunction Act), and the procedural history of the instant case is ample verification of this. *See Schulz v. New York State Legislature,* 5 A.D.3d 885, 773 N.Y.S.2d 174 (3d Dep't 2004); *Schulz v. State,* 198 A.D.2d 554, 603 N.Y.S.2d 207 (1993).

For the foregoing reasons, the judgment of the District Court is AFFIRMED.